IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JAMES FUDGE                                                                                                    PLAINTIFF
ADC #78875

V.                                        NO: 2:08CV00021 BSM/HDY

DENISE JONES *et al.*                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:
        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, against Defendants, on February 14, 2008.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on November 16, 2009, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth

above, the undersigned makes the following findings:

1.  Although Plaintiff is now housed at the Tucker Maximum Security Unit, the events giving rise to this claim began when Plaintiff was held at the ADC's East Arkansas Regional Unit ("EARU").

2.  Defendants are CO-II Denise Jones, CO-II Mary Willis, Cpl. Timothy Morrison, Sgt. David Maney, and Cpl. Felicia Phillips, all of the EARU.

3.  Plaintiff alleged generally that Defendants, who are all at the EARU's maximum security unit, engage in unsanitary practices while they are involved in the preparation or serving of food to inmates. The practices include serving food without hair nets, chewing gum and allowing saliva to spray over the food while they serve it, and pushing containers of beverages along the ground with their feet. Plaintiff testified that he could not identify any injury that resulted from such practices.[1]

4.  Plaintiff identified one specific incident on May 8, 2007, when Morrison gave him a food tray that had on it dried food from a previous meal. Plaintiff complained, and was brought another food tray, although he is unsure whether the second tray may have actually been the first tray brought to him a second time. The second tray had a mop string in the food. Plaintiff complained again, and he was provided with another tray, issued by Jones from the kitchen. As Plaintiff was eating from that tray, he bit down, and was stabbed in the mouth, by a "spiny cockle-burr" weed. Plaintiff testified the food trays come from another building to the maximum security unit, and are apparently outside for some period of time. Plaintiff did not introduce any evidence to indicate that

---

[1] Plaintiff did speculate that his obesity and hypertension could possibly be related to the allegedly unsanitary practices, but he admitted that he could not be sure, and identified no medical evidence to support such a conclusion.

any Defendant actually put the weed into the food, but believes that Jones, as the kitchen supervisor, is responsible. Plaintiff sustained minor injuries to his mouth, and was issued a tablet to provide relief.

5. Plaintiff is essentially alleging that the unsanitary food preparation and delivery at the EARU maximum security unit amount to unconstitutional conditions of confinement. To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmate's health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Plaintiff offered no evidence to suggest that the food preparation and service deprived him of the minimal civilized measure of life's necessities, or constituted a substantial risk of serious harm. There is no allegation that the food was nutritionally inadequate, and the only harm Plaintiff identified was not serious, but rather a minor mouth injury. Furthermore, Plaintiff introduced no evidence that any Defendant was deliberately indifferent to his health or safety. When Plaintiff requested another food tray, he was provide with one, and he was provided with medication to soothe his mouth injury. At most, Plaintiff has alleged negligence in the preparation and food delivery, which is not actionable. *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation). Accordingly, Plaintiff's complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce

sufficient evidence to create a fact issue to be submitted to a jury.

    2.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __17__ day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE